KOENIG, Appellant, vs. KOENIG, Respondent.

*October 27—November 12, 1909.*

*Pleading: Evidentiary matter: Contracts: Support of parent: Compensation: Evidence: Questions for jury.*

1. Where, in an action against plaintiff's sister to recover the value of services rendered and expenses incurred at her request in supporting her father, the complaint, after stating that cause of action, further alleged that defendant, in consideration of the support of her father, had received by his will his entire estate, and that she had failed personally to support him, but had engaged plaintiff to do so for her, which he did as before stated, these last allegations were properly stricken from the pleading as being a relation of mere evidentiary circumstances.

2. Evidence in such case that defendant had received or been promised her father's property as consideration for supporting him before she requested plaintiff to do so, would have been competent as tending to show a mutual understanding that she would compensate plaintiff; but mere statements made by plaintiff on his cross-examination (which were properly stricken out because not responsive to any question) that he expected pay from defendant because she got the father's property, would not, if they had remained in the case, have tended to show

that defendant received the property pursuant to any promise made before said request.

3. The mere facts that a son was requested by his sister to support their father; that he did so for twelve years without suggesting, until after the father's death, that he expected compensation from the sister; that the sister received by the will the father's property; and that the son claimed compensation out of the father's estate,—were not sufficient to carry to the jury the question whether there was an agreement or understanding that the sister was to compensate him.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Action to recover, on contract, the reasonable value of plaintiff's services and expenditures in supporting his father. The action was against a sister upon the theory that she became obligated to the father to support him by reason of his having agreed to make her his heir, and that she employed plaintiff to aid her in satisfying her obligation, which he did, rendering the services and incurring the expenses in question.

Following the statement of a cause of action, in general terms, to recover for the reasonable value of services rendered and for expenses incurred by plaintiff at the request of defendant, the complaint contained a paragraph to the effect that defendant, in consideration of support of her father, received by his will his estate valued at $3,500; that she failed to personally render the service and engaged plaintiff to do so in her stead, which he did, as stated in the general declaration of his cause of action.

Defendant joined issue on all allegations of the complaint, except as to the relationship of the parties, and that plaintiff aided in supporting the father.

On motion, the added paragraph of the complaint, above mentioned, was stricken out as surplusage.

There was evidence to this effect: In 1896, plaintiff, a miller by trade, and a married man, was residing in a home

·of his own.    The father of plaintiff and defendant possessed
a competency and boarded at a hotel, his expenses being paid
by defendant.    In such situation, in October, 1898, plaintiff
visited defendant, by her written invitation.    She then in-
formed plaintiff that the care of her father was too much of
a burden for her and requested him to assist, which he con-
sented to do.    The father was present and assented to the
arrangement.    Following that, for a period of some twelve
years, terminating with death of the father, he resided with
the plaintiff and was supported and cared for by him, with-
·out making any claim upon defendant therefor in the mean-
time.    There was further evidence that plaintiff expected
defendant to pay for the service because she asked him to per-
form it, and that he filed a claim against the father's estate
because she got his property, on the theory that she should
pay the claim if it was not otherwise paid.    No proof was
offered or received to the effect that, in the lifetime of the
father, defendant agreed to take care of him in consideration
·of a promise to be paid therefor by being made his benefici-
ary by will.    On cross-examination, unresponsively, plaint-
·iff stated twice that he had thought defendant should pay his
claim because she got the father's property.    The closing·in-
cidents of the evidence were a question as to whether plaint-
iff knew at the time he was asked by defendant to aid her in
caring for the father, that she had acquired, or was about to
receive, property from him as consideration for supporting
him, an objection to the question, at first sustained, but, upon
it being stated that the question was confined to what oc-
·curred at the time plaintiff was requested to take care of the
father, the court saying the question could be answered if
·counsel purposed proving anything on the subject which was
·said at the time of the request.    Thereupon the subject was
·dropped.    At the close of plaintiff's evidence, on motion of
·counsel for defendant, a nonsuit was granted and judgment
·was rendered accordingly.

For the appellant the cause was submitted on the brief of *John F. Watermolen.*

For the respondent there was a brief by *Minahan & Minahan,* and oral argument by *V. I. Minahan.*

MARSHALL, J. It seems clear, the features of the complaint respecting defendant having received her father's estate as consideration for supporting him, and that she did not do so, but plaintiff did by her request, as indicated in the cause of action stated, were a relation of mere evidentiary circumstances and, as such, not properly pleadable. So no error was committed in striking such relation from the pleading.

Doubtless the fact, if there were such, that respondent had received or been promised her father's property as consideration for supporting him before she requested plaintiff to do so,—would be entitled to considerable significance on the question of whether there was a mutual understanding at the time of such request, that she should compensate appellant, as he claims was the fact. So proof of the existence of such circumstance was competent. The difficulty with appellant's position, however, is that no evidence on the subject was offered. Mere unresponsive suggestions that appellant expected pay from respondent because she got the father's property, were properly stricken out because of their unresponsive character. Had the evidence remained in the case it would not have established or tended to establish the claim that respondent received the property pursuant to a promise, made prior to the alleged implied agreement to pay respondent for caring for the father.

It is considered that the question as to whether appellant knew when respondent requested him to care for the father, that she had received, or was about to receive, property from the latter as consideration for supporting him, and the offer to allow any evidence that appellant might offer as to what

was then said on the subject between the parties, opened the door for appellant to prove the circumstance relied on, if it existed and was in mutual contemplation, by anything said at the time the request was made by respondent of appellant, upon which the claim against the former was predicated.

As the case stood at the close of the evidence, there was no proof that respondent received her father's estate in consideration of her having promised to support him, and no suggestion that any proof could be produced, other than that respondent did receive the father's property, which, standing alone, had the evidence been produced, would not have raised a jury question as to whether there was, as claimed, a mutual understanding twelve years before.    There were the mere circumstances, that appellant, who was morally, as well as respondent, bound to support the father if he needed assistance, which does not appear to be the fact, was requested by respondent to assume such care; that he did so and carried the burden twelve years without any suggestion in the meantime that he expected compensation from his sister; and that he claimed such compensation in the end out of the father's estate.    Such circumstances come far short of sufficient to warrant holding that it appeared, with reasonable certainty, that there was a mutual understanding, as claimed, at the time appellant took the father under his care. Therefore, the motion for a nonsuit was properly granted.

*By the Court.*—Judgment affirmed.